IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CR-25-2H
No. 7:16-CV-362-H

HARRY HANKINS,                         )
    Petitioner,                       )
                           )
                           )
    v.                                 )            **ORDER**
                           )
                           )
UNITED STATES OF AMERICA,              )
    Respondent.

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #193], and the government's motion to dismiss petitioner's motion to vacate, [DE #247], to which petitioner responded, [DE #250].

## BACKGROUND

On August 10, 2015, pursuant to a signed Memorandum of Plea Agreement, petitioner pled guilty to robbery of a business engaged in interstate commerce, and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 (Count One) and brandishing and possessing a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Two). Petitioner was sentenced by this court to a total

term of imprisonment of 132 months on March 10, 2016. Petitioner did not appeal.

On October 25, 2016, petitioner, through counsel, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #193], arguing that Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, no longer qualifies as a crime of violence to support his conviction under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).[1] On December 15, 2016, this court stayed the matter pending the Fourth Circuit's resolution in United States v. Walker, 934 F.3d 375 (4th Cir. 2019) and United States v. Simms, 914 F.3d 229 (4th Cir. 2019). [DE #211]. On October 24, 2019, this court lifted the stay in light of the disposition of those cases and directed the government to file an answer or otherwise respond to petitioner's § 2255 motion. [DE #240]. This matter is ripe for adjudication.

## COURT'S DISCUSSION

The Supreme Court recently invalidated the residual clause of the crime of violence definition under 18 U.S.C. § 924(c)(3)(B). United States v. Davis, 139 S. Ct. 2319, 2323-24 (2019). The

---

[1] In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. However, Johnson does not afford relief to petitioner as he was not sentenced under the ACCA.

precise question remaining before the court is whether Hobbs Act Robbery is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). The Fourth Circuit has recently decided this issue. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("Accordingly, we conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).") (citing United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Rivera, 847 F.3d 847, 849 (7th Cir. 2017); In re Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016)) (footnote omitted).

Therefore, in light of Mathis, defendant's claim is without merit.

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss, [DE #247], is GRANTED, and petitioner's motion to vacate, [DE #193], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d

676, 683 (4th Cir. 2001).  A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 7th day of January 2020.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35