# UNITED STATES DISTRICT COURT
for the
### EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Harry Hankins**                                   **Docket No. 7:15-CR-25-2FL**

### Petition for Action on Supervised Release

COMES NOW Courtney L. Thomas, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Harry Hankins, who, upon an earlier plea of guilty to Count 1-Hobbs Act Robbery and Aiding and Abetting, in violation of 18 U.S.C. § 1951, 18 U.S.C. § 1951(a), and 18 U.S.C. § 2, and Count 2-Brandishing and Possessing a Firearm During and In Relation to a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. § 924(c), 18 U.S.C. § 924(c)(1)(A)(ii), and 18 U.S.C. § 2, was sentenced by the Honorable Malcolm J. Howard, Senior U.S. District Judge, on March 10, 2016, to the custody of the Bureau of Prisons for a term of 132 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months. Harry Hankins was released from custody on October 20, 2022, at which time the term of supervised release commenced.

On January 22, 2021, the case was reassigned to the Honorable Louise W. Flanagan, U.S. District Court Judge.

On February 24, 2023, a Modification Hearing was requested as the defendant refused to sign a waiver agreeing to polygraph examinations as a component of his sex offender treatment. The court scheduled a modification hearing for March 17, 2023.

On March 7, 2023, the court terminated the Modification Hearing at the request of U.S. Probation after the defendant signed a waiver agreeing to polygraph examinations. On March 14, 2023, the court agreed to modify the defendant's conditions of supervision to include polygraph examinations.

On August 1, 2023, a Violation Report was submitted to the court after the defendant committed the offenses of Speeding, Reckless Driving to Endanger, and Driving While License Revoked-Not Impaired, in Cumberland County, North Carolina.

On May 8, 2024, a Violation Report was submitted to the court after the defendant failed to participate in sex-offense specific treatment. At that time, the court agreed to continue defendant on supervision to allow the defendant a chance to comply with treatment services.

On April 15, 2025, a Motion for Revocation was filed with the court after the defendant committed traffic offenses and tested positive for marijuana, after providing a diluted sample. On July 21, 2025, an Amended Motion for Revocation was filed with the court after the defendant pled guilty to Speeding (24CR 8848), in Harnett County, North Carolina. On September 5, 2025, a Second Amended Motion for Revocation was filed with the court after the defendant committed the offenses of Cancelled, Revoked, or Suspended Certificate/Tag (25CR 24798), in Cumberland County, North Carolina. On November 10, 2025, a Third Amended Motion for Revocation was filed with the court after the defendant failed to notify his supervising officer of a change in address and additionally, he failed to notify his supervising officer of law enforcement contact.

On December 3, 2025, a Revocation Hearing was held wherein the defendant was found in violation, and his case was revoked, and he was placed into custody until 4:30pm that date. Upon his release, he was placed back on supervised release for the reminder of the previously imposed term under all the mandatory, standard, and special conditions previously imposed. Additionally, he was ordered to complete 60 days of Home Detention.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1.  The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2.  The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3.  At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

4.  The defendant shall submit to a warrantless search by the United States Probation Officer, or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

5.  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

6.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

7.  The defendant shall provide the probation office with access to any requested financial information.

8.  The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional who is experienced in evaluation sexual offenders and who is approved by the U.S. Probation Officer.

9.  The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medications as prescribed by the treatment provider.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On July 22, 2026, the defendant committed the offenses of Speeding and Driving While License Revoked (Citation Number: 182216H), in Sampson County, North Carolina. The defendant was verbally reprimanded and instructed he is not to operate a motor vehicle until he is properly licensed to do so. At this time, we would respectfully recommend that he be continued on supervision.

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions. The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Keith W. Lawrence
Keith W. Lawrence
Supervising U.S. Probation Officer

/s/ Courtney L. Thomas
Courtney L. Thomas
U.S. Probation Officer
150 Rowan Street Suite 110
Fayetteville, NC 28301
Phone: 910-354-2554
Executed On: July 24, 2026

## ORDER OF THE COURT

Considered and ordered this ____29th____ day of _____July_____, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge